<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| YUNIEL GERALDINO BOBADILLA, | |
| Petitioner, | |
| v. | Case No. 2:26-cv-06692 (BRM) |
| IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*, | **OPINION** |
| Respondents. | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Petitioner Yuniel Geraldino Bobadilla's ("Petitioner") second Petition for Writ of Habeas Corpus ("Petition"). (ECF No. 1.) The Court construes the Petition as arguing he received a constitutionally defective bond hearing and seeking immediate release from custody. (*See id.*) Respondents filed a letter response and supplemental evidence. (ECF Nos. 6, 7.) Petitioner did not reply. Having reviewed and considered the parties' submissions filed in connection with the Petition, and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b), for the reasons set forth below, Petitioner's Petition is **DENIED**.

**I.     BACKGROUND**

Petitioner, a citizen of the Dominican Republic, entered the United States without inspection at an unknown date and time. *See Geraldino Bobadilla v. Warden Elizabeth Contract Detention Facility*, Civ. A. No. 26-5444 (BRM), ECF No. 5 at 1. On July 22, 2025, Petitioner was encountered by Immigration and Customs Enforcement ("ICE") while he was incarcerated at the Hudson County Correctional Center subsequent to his arrest for aggravated assault and conspiracy

1

to commit murder.[1] *Id.*, ECF No. 5 at 1-2. On May 1, 2026, Petitioner was remanded to the custody of ICE and detained pending removal. *Id.*, ECF No. 5 at 2. Following Petitioner's arrest and detention by ICE, he was detained without an individualized bond hearing because he was being held in mandatory detention under 8 U.S.C. § 1225(b)(2). *See id.*

On May 13, 2026, Petitioner filed his first petition for writ of habeas corpus arguing that 8 U.S.C. § 1226(a), which authorizes release on bond after a hearing before an immigration judge ("IJ"), applied to his detention. *Id.*, ECF No. 1. On May 27, 2026, following an answer from Respondents, this Court issued a Text Order finding Petitioner detained under § 1226(a), and ordering Respondents to provide Petitioner with "an individualized bond hearing . . . before an immigration judge [to] assess whether [Petitioner] presents a flight risk or a danger to the community." *Id.*, ECF No. 6. On June 3, 2026, Petitioner was provided with an individualized bond hearing, where IJ Adam Panopoulos denied Petitioner bond, finding he had not met his burden to show he was not a risk of flight nor a danger to the community. (*See* ECF No. 7-1.)

On June 8, 2026, Petitioner filed the Petition now before the Court challenging the legality of the bond hearing. (*See generally* ECF No. 1.) Respondents filed a response, arguing Petitioner has failed to show his bond hearing was "fundamentally unfair." (*See* ECF No. 6.)

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United

---

[1] That criminal matter was later dismissed subsequent to indictment. *Geraldino Bobadilla v. Warden Elizabeth Contract Detention Facility*, Civ. A. No. 26-5444 (BRM), ECF No. 5 at 2, n. 2.

2

States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on Petitioner to show he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

III.    DECISION

The Court construes the Petition as arguing Petitioner's bond hearing was constitutionally defective. (*See* ECF No. 1.)

This Court lacks jurisdiction to review any discretionary determinations underlying the IJ's bond decision, but it can review whether the bond hearing was fundamentally unfair in violation of this Court's order. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022). "In a fundamentally fair bond hearing, due process has three essential elements." *Id*. The noncitizen "(1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests." *Id.* (quoting *Kamara v. Att'y Gen. of U.S.*, 420 F.3d 202, 211 (3d Cir. 2005)).

The Court has reviewed the bond hearing transcript and finds IJ Panopoulos did not abuse his discretion in deeming Petitioner had not met his burden of providing that he was not a flight risk or a danger to the community. As noted above, Petitioner appeared before IJ Panopoulos on June 3, 2026. IJ Panopoulos concluded Petitioner failed to meet his burden. (ECF No. 7-1 at 12–14.) IJ Panopoulos first took time off the record to review the evidence that had been submitted by Petitioner's counsel on that same day and provided Petitioner with a Spanish interpreter. (*Id.* at 3–4.) IJ Panopoulos then heard argument from Petitioner's counsel. (*Id.* at 7–9.) Counsel argued

3

Petitioner's criminal charges were dismissed because they were based on an erroneous identification by pictures. (*Id.*) Counsel also argued Petitioner's illegal entry did not show he was flight risk. (*Id.* at 9.)

IJ Panopoulos noted Petitioner claimed he entered without inspection in 2023 and has two children who are not in the United States. (*Id.* at 10–11.) Petitioner failed to provide evidence of where he had been living since his arrival in the country. (*Id.*) IJ Panopoulos noted Petitioner provided no evidence regarding the dismissal of his criminal charges, other than counsel's argument that it was a case of mistaken identity. (*Id.* at 12.) The IJ found counsel's statement was not evidence. (*Id.* at 13.) The IJ also noted Petitioner had a pending I-130 petition from 2021 and chose to enter the country illegally instead of waiting for the petition's adjudication and lawfully entering the country. (*Id.*) Based on the above, IJ Panopoulos found Petitioner had failed to meet his burden that he is not a danger to community or a flight risk. (*Id.* at 13–14.)

Petitioner's challenge to IJ Panopoulos' findings is a challenge to the judge's credibility determination and weighing of the evidence, which are discretionary determinations beyond this Court's review. 8 U.S.C. § 1226(e); *see also Ghanem*, 2022 WL 574624, at *2 ("A motion to enforce a judgment is not the proper avenue to relitigate the merits of a bond order."). This Court does not express any opinion on whether the IJ came to the correct conclusion, but the record compels a finding that Petitioner received the individualized bond hearing as required under 8 U.S.C. § 1226(a) and 8 C.F.R. § 236.1(d)(1) that he was entitled to. Any challenge to IJ Panopoulos' denial of bond must be presented to the Board of Immigration Appeals.[2]

---

[2] The Court notes it previously ordered that the Government must treat Petitioner as subject to immigration detention only under 8 U.S.C. § 1226(a) unless and until Petitioner receives an administratively final order of removal. As such, Petitioner may file a request for a bond redetermination before an immigration judge.

**IV.    CONCLUSION**

For the reasons set forth above, the Petition (ECF No. 1) is **DENIED**. An appropriate Order

accompanies this Opinion.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: July 24, 2026